**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-6890**

ROBERT LEE MAYO,

              Plaintiff - Appellant,

        v.

RICHARD DAVIS, Attorney; M. N. SANTARE, Mr. Norfolk Police Department;
NORFOLK POLICE DEPARTMENT, Police Official; NORFOLK CITY JAIL,
Norfolk Sheriff's Office,

              Defendants - Appellees,

        and

R. MCLAUGHIM, Magistrate; KATHLEEN A. ORTIZ, Public Defender,

              Defendants.

Appeal from the United States District Court for the Eastern District of Virginia, at
Alexandria.  Leonie M. Brinkema, District Judge.  (1:18-cv-01416-LMB-MSN)

Submitted:  July 23, 2020                           Decided:  July 27, 2020

Before WILKINSON, MOTZ, and RICHARDSON, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Robert Lee Mayo, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Lee Mayo appeals the district court's order dismissing the claims against three defendants and directing Mayo to file a particularized complaint and the court's subsequent order dismissing the action without prejudice for failure to state a claim.[*] On appeal, we confine our review to the issues raised in the informal brief. *See* 4th Cir. R. 34(b). Because Mayo's informal brief does not challenge the basis for the district court's disposition of his claims, he has forfeited appellate review of the court's orders. *See Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) ("The informal brief is an important document; under Fourth Circuit rules, our review is limited to issues preserved in that brief."). Accordingly, we deny leave to proceed in forma pauperis and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] The district court's dismissal without prejudice is a final appealable order because the court dismissed the action and directed the clerk to close the action. *See Bing v. Brivo Sys., LLC*, 959 F.3d 605, 615 (4th Cir. 2020).